UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

ROGELIO MIGUEL TOMASINO,

    Debtor.
_____/

Case No.: 12-35881-AJC

CHAPTER 13

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (ECF 21)

COME NOW BERNARD SCHUMACHER and SANDRA SCHUMACHER, husband and wife, and DOUGLAS A. KRUEGER (hereinafter "MOVANTS" and/or "SCHUMACHER" and "KRUEGER"), by and through their undersigned counsel and hereby file this preliminary Objection to Confirmation and in furtherance thereof states the following:

1. On October 29, 2012 a Chapter 13 Bankruptcy was filed by the Debtor upon an apparent emergency basis.

2. At the time of the Bankruptcy filing, an issue existed regarding a parcel of real property described as 438 NW 10th Avenue, Homestead, Florida.

3. On July 31, 2007, a closing occurred whereby Schumacher and Krueger funded the purchase price of the subject real property to the amount of $165,000.00. The Buyer of the property was to be 1300 NW 4th Street, LLC, a Florida limited liability company (the "LLC"). The transactional documents, Mortgage, Note, Settlement Statement and related additional documents, clearly evidenced the ownership was to be in the LLC, not the Debtor individually.

4. For reasons unbeknownst to the parties, the Deed from the closing on July 31, 2007 put title to the property in the Debtor rather than the LLC.

Case No.: 12-35881-AJC

5. In the Debtor's Schedules, the Debtor lists the property at 438 NW 10th Avenue, Homestead, Florida as investment property with a fee simple ownership interest, and a value of $106,950.00, (less than the total sum due Schumacher and Krueger). On Schedule D, the Debtor acknowledges Schumacher and Krueger as secured creditors having a first mortgage on the property located at 438 NW 10th Avenue, Homestead, Florida.

6. Further, the Debtor signed the Promissory Note(s) in favor of Schumacher and Krueger together with the LLC.

7. The Debtor's Chapter 13 Plan does not deal with or in any way treat this property, or the interests of Schumacher and Krueger in the subject real property.

8. The original Note and Mortgage matured on September 1, 2008 and three (3) extensions, (September 1, 2008, September 1, 2009 and September 1, 2011), Modification and Extension Agreements of the Mortgage in favor of Schumacher and Krueger were executed by and on behalf of the LLC, "joined by" the Debtor.

9. The Debtor's Schedules further disclose a Judgment Lien Creditor which allegedly attaches to all of the Debtor's investment property (Stuart Kalb as Trustee). The Debtor has not dealt with, by Plan or otherwise, a resolution of the Debtor's interest in this real property, and therefore it is not possible to calculate a liquidation test and determine whether or not the Chapter 13 Plan as proposed is viable.

10. Further, unless and until the ownership interest of the Debtor, if any, is actually determined, it is not possible to determine the viability of the Chapter 13 Plan as proposed.

11. While the Debtor's filing the bankruptcy proceeding is understandable, the Debtor cannot now attempt to leave a mess behind him and not deal with the realities of the situation, and not determine the Debtor's interest in the assets for the purposes of his creditors.

Case No.: 12-35881-AJC

12. Schumacher and Krueger are also listed by the Debtor as Schedule F creditors, and in such capacity (the Debtor has signed on the Promissory Note together with the LLC as a obligor, in addition to joining in all of the Mortgage Modifications and Extension Agreements), it becomes clear that the interests of this case and the Debtor and creditors is best served by this Court delaying consideration of the Confirmation of this Chapter 13 Plan until subsequent to a determination of the extent, validity and priority of the competing claims to the property located at 438 NW 10th Street, Homestead, Florida.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice was served via CM/ECF upon all parties on the Court's CM/ECF service list this 2nd day of January, 2013.

> Quintairos, Prieto, Wood & Boyer, P.A.
> **Co-Counsel for Schumacher and Krueger**
> One E. Broward Blvd., Suite 1200
> Ft. Lauderdale, FL 33301
> Tel: (954) 523-7008
> Direct Fax: (954) 524-4455 Main (954) 523-7009
>
> By:   /s/ Arthur C. Neiwirth
>          ARTHUR C. NEIWIRTH, ESQ.
>          FBN: 0289061
>          Aneiwirth@qpwblaw.com
>
>
>          And

Case No.: 12-35881-AJC

        Gary S. Rosner, Esq.
        Fla. Bar No. 142522
        RITTER CHUSID, LLP
        **Co-Counsel for Schumacher and Krueger**
        5850 Coral Ridge Drive, Suite 201
        Coral Springs, Florida 33076
        Telephone:     (954) 340-2200
        Facsimile:       (954) 340-2210
        Email: grosner@ritterchusid.com

### SERVICE LIST

**Served via CM/ECF:**

Michael A. Frank, Esq.	pleadings@bkclawmiami.com

Office of the US Trustee	USTPRegion21.MM.ECF@usdoj.gov

Arthur C. Neiwirth, Esq.	aneiwirthcourt@qpwblaw.com

All other parties on the Clerk's CM/ECF service list

**Served by U.S. Mail**

Rogelio Miguel Tomasino
12845 SW 69 Ct
Miami, FL 33156

Nancy N Herkert
POB 279806
Miramar, FL 33027

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130